UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:24-cr-319 |
| ) | |
| Plaintiff, ) | JUDGE BRIDGET MEEHAN BRENNAN |
| ) | |
| v. ) | |
| ) | |
| RONALD A. GOODMAN, JR., ) | **ORDER ON MOTION TO** |
| ) | **WITHDRAW GUILTY PLEA** |
| Defendant. ) | |

Defendant Ronald A. Goodman, Jr. ("Goodman") moves to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d)(2)(B). (Doc. 12.) The government responded in opposition. (Doc. 16.) For the reasons stated herein, Goodman's Motion to Withdraw Guilty Plea is DENIED.

**I.  BACKGROUND**

On September 5, 2024, a federal grand jury returned an Indictment charging Goodman with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) In its September 13, 2024 Trial Order, the Court established various dates and deadlines. (Doc. 5.) On October 15, 2024, Defendant moved to continue all dates and deadlines. (Doc. 6.) An in-person pretrial conference was held on October 22, 2024. (10/22/2024 Minute Entry.) During the pretrial conference, Goodman knowingly and voluntarily waived his speedy trial rights. (*Id*.) At the same time, the Court found Goodman's stated reasons for the continuance, namely additional time to review discovery, discuss plea negotiations, and prepare for trial, outweighed the best interest of the public and Goodman in a speedy trial. (Docs. 6, 7.) Notable here, the change of plea deadline was extended by approximately 60 days. (10/22/2024 Minute Entry.)

On December 19, 2024, Goodman pleaded guilty to the Indictment pursuant to a written plea agreement.  (12/19/2024 Minute Entry; Doc. 10 (Plea Agreement).)  The plea agreement detailed, among other things, the waiver of constitutional trial rights, sentencing procedures and authority, the elements of the offense, stipulated offense level calculations, waiver of appellate rights, and the factual basis.  (Doc. 10.)  Goodman initialed each page of the agreement and signed the document under the following representation to the Court:

> I have read (or have had read to me) this entire plea agreement and have discussed it with my attorney.  I have initialed each page of the agreement to signify that I understand and approve the provisions on that page.  I am entering this agreement voluntarily and of my own free will.  No threats have been made to me, nor am I under the influence of anything that could impair my ability to understand this agreement.

(Doc. 10 at 92.)[1]

After being placed under oath for the change of plea colloquy, Goodman confirmed the absence of any thing that could impair his ability to understand the proceedings.  (Doc. 15 at 130-131.)  Goodman acknowledged being advised of the charge stated in the Indictment.  (*Id*. at 131.)  He testified to fully discussing the facts and circumstances surrounding the charge, including the elements of the offense and any possible defenses, with his counsel.  (*Id*.)  Goodman stated he was fully satisfied with counsel's advice and representation.  (*Id*.)  On the record, the government restated the factual basis set forth in the written plea agreement, after which the Court inquired as follows:

> COURT:  Mr. Goodman, you've heard that summary of the factual basis, and it is laid out here in the document.  So the question now to you, do you acknowledge those facts, and do you agree that if this matter were to proceed to trial, the government could prove them beyond a reasonable doubt?

---

[1] For ease and consistency, page citations are to the electronically stamped CM/ECF PageID# rather than any internal pagination.

GOODMAN: Yes, Your Honor.

Goodman acknowledged his guilt and pleaded guilty. (*Id*. at 148.) The Court accepted the plea after finding it was knowing, voluntary, and supported by acknowledged facts establishing each element of the offense charged. (*Id*.) On February 26, 2025, the Probation Office filed its first Presentence Investigation Report. (Doc. 11.) In it, the report writer noted Goodman acknowledged the offense conduct detailed in the written plea agreement. (*Id*. at 97.) On March 12, 2025, Goodman filed the present motion to withdraw his guilty plea. (Doc. 12.) In explaining his position, Goodman claims "he did not fully view and understand the evidence against him at the time he tendered his guilty plea," and his decision to plead guilty was "hastily-made" and a "mistake."

## II. ANALYSIS

A defendant may withdraw his guilty plea after the guilty plea is accepted but before sentencing provided "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In additional to reviewing the timeline of the proceedings, any written plea agreement, and the plea colloquy, seven recognized factors inform whether a defendant has a "fair and just reason" for withdrawal: (1) the amount of time between the guilty plea and motion to withdraw, (2) whether the defendant has a valid reason for failing to seek withdrawal of the plea earlier, (3) whether the defendant has asserted or maintained innocence, (4) the circumstances surrounding entry of the plea, (5) the defendant's nature and background, (6) the defendant's prior experience with the criminal justice system, and (7) potential prejudice to the government if the motion is granted. *United States v. Radney*, 2024 U.S. App. LEXIS 3393, *3 (6th Cir. Feb. 13 2024) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994) (internal quotations omitted)). "The rule exists to permit a hastily entered plea made with an unsure heart and confused mind to be undone, not to allow a

defendant to make a tactical decision to enter a plea, with several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *Radney*, 2024 U.S. App. LEXIS 3393, *3 (internal quotations omitted); *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

<u>The amount of time between the guilty plea and motion to withdraw</u>. Nearly three months passed between the guilty plea and motion to withdraw. Three months is untimely. *See United States v. Jackson*, 751 F. App'x 749, 751-52 (6th Cir. 2018) 749. Even one or two-month delays have been deemed untimely. *United States v. Carson*, 32 F.4th 615, 623 (6th Cir. 2002) (citing *United States v. Carpenter*, 554 F. App'x 477, 481 (6th Cir. 2014) (collecting cases)).

<u>The reason for failing to seek withdrawal earlier</u>. No reason was offered. The first Presentence Investigation Report establishes that on the day he met with the report writer, so after December 19, 2024, and before February 26, 2025, Goodman maintained his guilty plea and acknowledged the offense conduct stated in the written plea agreement.

<u>Any assertion of innocence</u>. Goodman neither states nor suggests he is innocent of the crime charged. Instead, he describes his guilty plea as a mistake and states a desire to challenge the government's evidence at trial.

<u>Circumstances surrounding entry of the plea</u>. At Goodman's request, all deadlines were extended. Goodman was given approximately 60 additional days to evaluate the government's evidence, meet with his counsel, and consider a plea. He accepted a written plea agreement. The plea agreement listed the constitutional trial rights Goodman would be giving up by pleading guilty, including the right of confrontation.

Goodman engaged in a detailed plea colloquy with the Court. Under oath, he acknowledged fully discussing the facts of his case, the elements of the offense, and any

defenses he may have with his counsel.  He also acknowledged his intention to forego all constitutional trial rights, including the right to challenge the government's evidence at trial.  And, when asked how he pleaded to the offense of being a felon in possession of a firearm and ammunition, Goodman said: "To that I would like to admit my guilt."  The Court found Goodman knowingly and voluntarily pleaded guilty.  *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.")).

*Goodman's nature, background, and experience with the criminal justice system*.  Goodman is 33 years old, remained in school until tenth grade, and can read and write.  He has a criminal history that includes pleading guilty in a separate case in this District for being a felon in possession of a firearm.  *See U.S. v. Goodman*, Case No. 1:17cr190.[2]  At the December 19, 2024 Change of Plea Hearing, Goodman was alert, responsive, and answered the Court's questions without delay or confusion.  There is nothing in the record to support finding Goodman incapable of understanding the proceedings or the consequences of his guilty plea.

*Potential prejudice to the government*.  Because Goodman has not put forth a "fair and just reason" for withdrawing his guilty plea, there is no reason to discuss what prejudice may result from such a withdrawal.

Having fully evaluated the *Bashara* factors, the Court finds that not one of them supports a "fair and just reason" for permitting Goodman to withdraw his guilty plea.

---

[2] Goodman's three-year term of supervised release in Case No. 1:17cr190 commenced on 11/22/2023.  As noted in the plea agreement, a supervised release violation hearing will be held before Judge Patricia A. Gaughan after sentencing in this matter.

## III. CONCLUSION

For the reasons stated herein, Defendant Ronald A. Goodman, Jr.'s Motion to Withdraw Guilty Plea is DENIED.

**IT IS SO ORDERED.**

Date:  March 27, 2025

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE